IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JAMES W. CHANEY, JR. PLAINTIFF

v. Civil No. 14-5352

SHERIFF KELLEY CRADDUCK; SERGEANT COGBILL; LIEUTENANT J. MARTINEZ; LIEUTENANT DEVOR; DR. ROBERTO SAEZ, Southern Health Partners; NURSE AMBER GOFF, Southern Health Partners; JOHN DOE DEPUTY; CATERING BY MARLINS, d/b/a CBM Managed Services; and NURSE TYRANNY RAY DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

When Plaintiff filed this case, he was incarcerated in the Benton County Detention Center. Plaintiff is now incarcerated in the Arkansas Department of Correction, North Central Unit.

Before me for report and recommendation is the Partial Motion to Dismiss (Doc. 15) filed on behalf of Nurse Amber Goff, Nurse Tyranny Ray, and Dr. Roberto Saez (the Medical Defendants). Plaintiff has responded (Doc. 19) to the Motion and Defendants filed a reply brief (Doc. 20).

## I. Background

The allegations of the Amended Complaint (Doc. 9), with respect to the Medical Defendants, are that they failed to provide the Plaintiff with the medication and follow-up care

AO72A
(Rev. 8/82)

prescribed by his surgeon following surgery for an inguinal hernia. Plaintiff alleges that this caused him to suffer unnecessary pain and prolonged his healing.

Further, Plaintiff alleges that Dr. Saez diagnosed him with temporomandibula joint (TMJ) disorder and stated only surgery would "fix the problem" and it was a surgery "they would not do here." *Doc. 1 at 9.* Plaintiff also alleges that Nurse Ray also told him there was nothing they could do for his jaw.

Plaintiff indicates the TMJ disorder was causing him to have headaches, abscessed teeth, and weight loss due to not being able to eat. He maintains it was hard for him to do tasks such as eating, drinking, and talking.

Plaintiff has sued the Medical Defendants in both their individual and official capacities. As relief, the Plaintiff seeks compensatory and punitive damages. Plaintiff's request to be transferred to the Arkansas Department of Correction has been mooted by his transfer to there.

## II. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it



AO72A
(Rev. 8/82)

simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## III. Discussion

The Medical Defendants maintain that the official capacity claims against them are subject to dismissal. They argue the Plaintiff has failed to allege facts sufficient to state a plausible official capacity claim. Specifically, they assert the Plaintiff has failed to allege the existence of an official policy or custom that reflected deliberate indifference to his medical needs. The Motion does not address the individual capacity claims.

In opposition, Plaintiff argues he has stated a claim upon which relief may be granted. He maintains the Medical Defendants were deliberately indifferent to his serious medical needs. He asks that he be allowed to proceed with discovery.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Benton County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

A Plaintiff "seeking to impose liability on a municipality under § 1983 [must] identify a municipal policy or custom that caused the plaintiff's injury." *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). "There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a

AO72A
(Rev. 8/82)

facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Moyle v. Anderson*, 571 F.3d 814, 817-18 (8th Cir. 2009)(citation omitted).

Plaintiff has not alleged a plausible "policy" claim. In short, he has not pointed to "any officially accepted guiding principle or procedure that was constitutionally inadequate." *Jenkins v. County of Hennepin*, 557 F.3d 628, 633 (8th Cir. 2009). Merely alleging that procedures were not followed is insufficient. *Id*. Plaintiff has not pointed to a "deliberate choice of a guiding principle or procedure made by the municipal official who has final authority in such matters." *Id*.

"[A] custom can be shown only by adducing evidence of a continuing, widespread, persistent pattern of unconstitutional misconduct." *Id*. at 634 (internal quotation marks and citation omitted). Plaintiff has not asserted facts sufficient to state a plausible claim that there was any widespread, persistent pattern of unconstitutional conduct. The official capacity claims should be dismissed.

## IV. Conclusion

For the reasons stated, I recommend that the Partial Motion to Dismiss (Doc. 15) filed by the Medical Defendants be **GRANTED** and the official capacity claims dismissed. The case will proceed against the Medical Defendants, Dr. Saez, Nurse Goff, and Nurse Ray, in their individual capacities.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties**

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of September, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)